UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MALBCO HOLDINGS, LLC,
individually and as assignee of
Centennial Inn-Vestments, LLC,

    Plaintiff,

    v.

AMCO INSURANCE COMPANY,
a foreign insurance company, and
WAUSAU BUSINESS
INSURANCE COMPANY, a
foreign insurance company,

    Defendants.

NO.  CV-07-389-RHW

**ORDER GRANTING MOTION
TO CHANGE VENUE**

    Before the Court are Plaintiff's Motion for Summary Judgment re: Choice of Law (Ct. Rec. 28), Defendants' Motion to Change Venue (Ct. Rec. 32), Defendants' Motion to Bifurcate Trial and Stay Discovery of Extra-Contractual Claims (Ct. Rec. 34), Defendant AMCO's Motion to Strike Summary Judgment Evidence (Ct. Rec. 44), Defendant Wausau's Motion to Strike Summary Judgment Evidence (Ct. Rec. 60), Parties' Stipulated Motion for Leave to File Excess Pages (Ct. Rec. 61), Defendant AMCO's Motion to Shorten Time for Hearing on Motion to Strike Reply Summary Judgment Evidence Submitted by Plaintiff (Ct. Rec. 72), Defendant AMCO's Motion to Strike Reply Summary Judgment Evidence Submitted by Plaintiff (Ct. Rec. 74), Defendant Wausau's Motion for Joinder in AMCO's Motion to Strike Reply (Ct. Rec. 80), and Defendant Wausau's Motion for Joinder in AMCO's Motion to Shorten Time (Ct. Rec. 81).  A motions hearing was held on April 23, 2008.  Bryce Wilcox appeared on behalf of Plaintiff; Scott

**ORDER GRANTING MOTION TO CHANGE VENUE * 1**

Stickney appeared on behalf of Defendant AMCO, and Michael Rogers and Maria Sotirhos appeared on behalf of Defendant Wausau.

**I.    Background**

This case arose out of Defendants' denials of insurance claims for water damage to a La Quinta Inn located in Eugene, Oregon.  Plaintiff Malbco filed its complaint against Defendants AMCO and Wausau Insurance Companies in Spokane County Superior Court on October 24, 2007, alleging breach of contract, bad faith, and violation of the Consumer Protection Act.  Defendants removed the case on the basis of diversity of citizenship on December 6, 2007 (Ct. Rec. 1), and they filed their answers on December 21, 2007 (Ct. Recs. 8 & 9).  Plaintiff filed a motion to amend its complaint to add a cause of action under the newly-passed Washington Insurance Fair Conduct Act ("IFCA"), RCW § 48.30.015, on January 29, 2008 (Ct. Rec. 13).  The Court denied this motion on March 11, 2008, finding that leave to amend would be futile because the IFCA does not apply retroactively (Ct. Rec. 43).  At the scheduling conference on February 25, 2008, the parties discussed their desire to file early motions to change venue and to bifurcate.  These motions, along with Plaintiff's motion regarding choice of law, are currently before the Court.

Centennial Inn-Vestments, LLC, an Oregon limited liability company, previously owned the La Quinta Inn & Suites in Eugene, Oregon.  In 1998, Centennial entered into a management contract with Hospitality Associates, Inc., a Washington corporation with its principal place of business in Spokane Valley, Washington.  The management contract assigned Hospitality general authority to operate and manage the Hotel, including the authority to obtain insurance coverage for the Hotel.

Hospitality hired Marsh Advantage America, which later became Wells Fargo Insurance Services, to purchase insurance for the Hotel from Defendant Wausau, a Wisconsin corporation, for the coverage period of May 2000 through

**ORDER GRANTING MOTION TO CHANGE VENUE * 2**

May 2003.  In or about 2003, Hospitality employees worked with the employees of Marsh to acquire insurance for the Hotel with Defendant AMCO.  AMCO is an Iowa corporation.  It issued Premier Businessowners Policy ACP BPM 7501296004 to named insured "La Quinta Inn & Suites—DBA Centennial Inn-Vestments", effective May 15, 2003, to May 15, 2004, and the named insured's mailing address was 155 Day Island Rd., Eugene, OR 97401.  Neither Hospitality nor Malbco were listed as a named insured.  The policy covered only buildings and business personal property located in or on the buildings located at the Hotel property in Eugene, Oregon.

In early 2004, Centennial investigated possible water damage to part of the Hotel, and it submitted a claim to AMCO in February 2004 and to Wausau in April 2004.  AMCO denied the claim in June 2004, and Wausau denied the claim in May 2004.  In August 2005, Plaintiff Malbco purchased the Hotel from Centennial.  In the purchase and sale agreement, the parties recognized the Hotel had water damage, but they did not know the extent of the damage.  The price of the Hotel was not reduced because of the existing damage; instead, the parties agreed that Malbco would acquire all of Centennial's interest in its insurance policies covering the Hotel as part of the transaction.  The parties dispute whether the assignment of rights was valid.

## II.    Motion to Change Venue

Defendants move the Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Oregon.  Defendants submit that they insured Centennial Inn-Vestments, an Oregon limited liability company, for a property located in Oregon.  As purported assignee, Plaintiff Malbco stands in the shoes of the Oregon policyholder.  Therefore, Defendants maintain that Oregon is the "center of gravity" for this action, because it is where the claim arose and where almost all important witnesses reside.  According to Defendants, Washington's only significant contact with this matter is that it is the state of Plaintiff's residence.

**ORDER GRANTING MOTION TO CHANGE VENUE * 3**

It appears most, if not all of the potential witnesses involved in the eventual inspection and repair of the Hotel are located in Oregon. Defendants declare that transfer is appropriate because the original policy holder, the insured property, the water damage, the witnesses to the damage, the consultants, and the repair contractors, are all located in Oregon.

Section 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (quoted in *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007)).

The Ninth Circuit has listed multiple factors that a court should weigh in its determination whether transfer is appropriate in a particular case: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (internal citations omitted). The moving party has the burden of showing that the balance of convenience of the parties and witnesses and the interest of justice weighs heavily in favor of transfer to overcome the presumption in favor of the plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 255-56 (1981).

This action could have been brought in the District of Oregon. Jurisdiction

**ORDER GRANTING MOTION TO CHANGE VENUE * 4**

in this Court is based on diversity, and diversity also exists in Oregon.  Venue is proper for diversity actions in (1) a district where any defendant resides, if all defendants reside in the same State; (2) a district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the claim may otherwise be brought.  28 U.S.C. § 1391(a).  For the purposes of a venue determination, a defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action commences.  28 U.S.C. § 1391(c).  Both AMCO and Wausau "reside" in Oregon because they are subject to personal jurisdiction there, and the property that is the subject of the action, along with some of the events relating to Plaintiff's claims, occurred in Oregon.  Accordingly, the action could have been brought in Oregon.

Next, the Court must consider the convenience of the parties and witnesses through its analysis of the factors outlined above.  The relevant agreements, between Defendants and the original insured party, Centennial, were executed at Centennial's place of business in Oregon.  Although the Court declines to decide Plaintiff's choice of law motion, to the extent its determination affects its consideration of the factors outlined above, the Court makes a preliminary finding that Oregon law applies in this matter.[1]  Obviously, Plaintiff selected Washington

---

[1]  Because the Court finds transfer to the District of Oregon is appropriate, it defers to the ultimate arbiter of this dispute to make a final determination of choice of law.  However, the Court notes that, under Washington law, "the applicable law is decided by determining which jurisdiction has the 'most significant relationship' to a given issue."  *Seizer v. Sessions*, 132 Wn.2d 642, 650 (1997).  Washington courts refer to the *Restatement (Second) of Conflict of Laws* as an authority on the

**ORDER GRANTING MOTION TO CHANGE VENUE * 5**

1  as a forum, but the contacts relating to the cause of action predominantly point

2  toward Oregon.

3        The difference in costs in the two forums is negligible, but the Court notes

4  that the property itself and the majority of the witnesses who discovered,

5  investigated, and repaired the damage to the Hotel  are located in Oregon.

6  Additionally, although the insurance contracts did not contain forum selection

7  clauses, the contracts were Oregon-specific, and other contracts in this matter,

8  including the Purchase and Sale Agreement between Centennial and Malbco and

9  the management contract between Centennial and Hospitality, included Oregon

10  forum selection clauses.

11        The interest of justice supports a transfer to Oregon as well.  Plaintiff points

12  out that the law of Washington, its preferred forum, is much more beneficial to

_____

question.  *See, e.g.*, *id.*

        The Court examined all of the relevant sections of the *Restatement* when

considering this issue, but it finds § 193, which covers contracts for fire, surety, or

casualty insurance, most relevant to the claims in this matter.  Section 193 states

> [t]he validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

*Restatement* § 193.  Comment (b) to this section notes that the "location of the

insured risk will be given greater weight than any other single contact in

determining the state of the applicable law provided that the risk can be located, at

least principally, in a single state" and that "[i]t enjoys greatest significance when

an immovable is involved, such as when the risk insured against is damage by fire

to a particular building."  *Id.* § 193 cmt. b.  Considering this and all other relevant

sections of the *Restatement*, the Court believes Oregon has the "most significant

relationship" to this matter.

**ORDER GRANTING MOTION TO CHANGE VENUE * 6**

1    insured parties, and that Washington has an interest in protecting its citizens,

2    including Plaintiff Malbco, from bad acts by insurers.  However, this case arose out

3    of a contract negotiated by Centennial, a citizen of Oregon.  Oregon federal judges

4    are more familiar with Oregon law, and a jury composed of Oregon citizens is

5    better situated to and more appropriately should decide a case involving water

6    damage to real property located in Oregon.

7          Therefore, the Court finds that Defendants have established that the interests

8    of justice and the convenience of the parties and witnesses weigh heavily in favor

9    of transfer to the District of Oregon, overcoming the presumption in favor of

10   Plaintiff's choice of forum.

11   **III.    Other Motions**

12         Because the Court finds transfer to a different venue is appropriate, it defers

13   to the district court in the District of Oregon to determine the remaining

14   substantive issues currently pending.

15         Accordingly, **IT IS HEREBY ORDERED:**

16         1.  Defendants' Motion to Change Venue (Ct. Rec. 32) is **GRANTED**.

17         2.  Plaintiff's Motion for Summary Judgment re: Choice of Law (Ct. Rec.

18   28), Defendants' Motion to Bifurcate Trial and Stay Discovery of Extra-

19   Contractual Claims (Ct. Rec. 34), Defendant AMCO's Motion to Strike Summary

20   Judgment Evidence (Ct. Rec. 44), Defendant Wausau's Motion to Strike Summary

21   Judgment Evidence (Ct. Rec. 60), and Defendant AMCO's Motion to Strike Reply

22   Summary Judgment Evidence Submitted by Plaintiff (Ct. Rec. 74) are

23   **RESERVED** for decision by the district court in the District of Oregon.

24         3.  The parties' Stipulated Motion for Leave to File Excess Pages (Ct. Rec.

25   61), Defendant AMCO's Motion to Shorten Time for Hearing on Motion to Strike

26   Reply Summary Judgment Evidence Submitted by Plaintiff (Ct. Rec. 72),

27   Defendant Wausau's Motion for Joinder in AMCO's Motion to Strike Reply (Ct.

28   Rec. 80), and Defendant Wausau's Motion for Joinder in AMCO's Motion to

**ORDER GRANTING MOTION TO CHANGE VENUE * 7**

1  Shorten Time (Ct. Rec. 81) are **GRANTED**.

2      4.  The District Court Executive is directed to forward the file, along with a

3  copy of this Order to the Clerk of Court, United States District Court for the

4  District of Oregon.

5      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

6  Order and forward copies to counsel.

7      **DATED** this 12th  day of May, 2008.

8

9                    *s/Robert H. Whaley*

10                  ROBERT H. WHALEY
                 Chief United States District Judge

11

12

13  Q:\CIVIL\2007\Malbco\venue.ord.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING MOTION TO CHANGE VENUE * 8**